JOHN F. DEATRICK V. THE CITY OF DEFIANCE.

1. PETITION NEED NOT BE SIGNED BY CITY SOLICITOR.

In an action brought by a city organized under the laws of Ohio, it is not necessary that its petition should be signed by the city solicitor as such officer.

2. ACTION BY CITY NEED NOT BE BROUGHT BY SOLICITOR.

It is not necessary that an action on behalf of such city should be brought by the city solicitor.

3. WHEN CHANGE HAS BEEN MADE FROM VILLAGE TO A CITY.

A city suing for a claim formerly due a village, from which it has been advanced to such city, will not be required, on motion, to set out in its petition the proceedings by which said village was advanced to a city.

4. UNCOLLECTED COST OF MAYOR NOT AN OFFSET TO COLLECTED ONES.

A mayor of a city in an action against him for the amount of fines, licenses and forfeitures collected by him, cannot offset against such claim the amount of his uncollected costs on the mayor's docket.

5. ALLOWANCE BY COUNCIL NOT AN ESTOPPEL.

If a mayor does present to the city council an account charging such uncollected costs to the city, and crediting it with the amount of fines, licenses and forfeitures by him collected and not paid over, and obtains an order from the city council for the payment to him of the excess of such costs over the amount so collected by him, such action of the city council will not be a bar to the recovery by said city of the full amount of said fines, licenses and forfeitures from said mayor.

ERROR to the Common Pleas Court of Defiance county.

SENEY, J.

The city of Defiance filed its petition in the court below, in which it avers that it is a city advanced from a village to a city under and by virtue of the laws of the state of Ohio, under its name of The City of Defiance, that John F. Deatrick was mayor of the village, also mayor of the city, that by virtue of his being mayor there came into his hands money and property belonging to the city and village in the sum of $648.83, this sum being fines, forfeitures and licenses, collected by said Deatrick as mayor; that Deatrick refused and neglected to pay the said money, although often requested so to do, and the city prays judgment against the said Deatrick for the amount of this money withheld. To this petition a motion was filed by the defendant to strike the petition from the files, for the reasons: first, that the city solicitor did not sign the petition; and second, that the city solicitor did not bring the suit. This motion was overruled and exceptions taken by the defendant Deatrick.

Another motion was filed to make the petition more definite and certain; that the city set out in its petition the proceedings by which the said village was advanced to a city; that the city set out in its petition how it succeeded to the rights and came into possession of the property of the village. This motion was also overruled and exceptions taken by the defendant. The defendant then filed an answer, a general denial, and on the issues thus made it was tried to a jury in the court below, and at the request of the defendant Deatrick a special verdict, as well as a general verdict, was rendered, both being in favor of the plaintiff, the city of Defiance. A motion for a new trial was filed by the defendant to set aside the verdict, on the ground that the general verdict was against the evidence, and that the answer to the first question submitted to the jury in the special verdict relating to the population of the village when it was advanced to a city was against the evidence; that the second proposition, in reference to the number of inhabit-

ants of the village at the time it was advanced to a city was against the evidence. This motion for a new trial was overruled and judgment rendered on the verdict. A petition in error was filed in this court, assigning for error that the court erred in overruling the motion to strike the petition from the files; that the court erred in overruling the motion to make the petition more definite and certain, and that the court erred in overruling the motion for a new trial.    These are the errors assigned in this court for a reversal of this judgment.

On the first motion to strike the petition from the files, it was urged by counsel in this court that the city solicitor did not sign the petition, and to sus- tain this proposition, section 1774 was cited by counsel, which defines simply the duty of the city solicitor, " he shall when required bring suit."    Section 1552 provides that a city or village or corporation may sue or be sued in its corporate name.

Section 1775 simply defines the duties of the city solicitor.    It does not au- thorize suit in favor of the city to be brought in the name of the city solicitor.    It just defines his duties as solicitor.    The city, under another section, is authorized to employ other counsel than its solicitor.    Section 1552 authorizes suit in its own name.    Who shall act as its attorney, whether its solicitor or other counsel, can in no way affect its right to bring action in its name    Who it will pay for its services, its council may say.    Section 1552 provides that a city may sue or be sued, and this power is conferred upon the council and not upon the city solicitor, and against this motion is absolute.    In the opinion of this court the action of the court below in overruling this motion was proper.

The second motion to make the petition more specific : That the city allege in its petition under what proceedings and how the city became advanced from a village to a city; and how the city became vested with the rights and property of the village.    The averment of the petition is to the effect that it was a village; and it has been advanced to a city under the laws of the state of Ohio under the name of the City of Defiance.    This is an averment of fact, not a conclusion. The proceedings by which it was advanced would be evidence of this fact and should not be pleaded.    A suit brought in the name of a railroad company sets forth its organization—corporation under what state, etc., etc.    In no instance the proceedings by which it became organized are set out in the pleadings.    When the corporation is denied, the manner in which it became organized is evidence and should not be pleaded.    The same as to a partnership.    Concerning the partnership of Smith and Jones, how they became partners, or how their partnership was formed, is not a matter of pleading. It is a fact, not a conclusion, and when that is denied by an answer, proof of the partnership—how and in what manner they became partners, is matter to be proven.    The motion to make the petition more specific was in the opinion of this court properly overruled.

Now as to the motion for a new trial because the general verdict was not sustained by the evidence.    As to this—Deatrick was placed on the stand and testified that, as mayor, he had received these fines, licenses and forfeitures to the amount claimed in the petition.    This, of course, supported the general verdict. Deatrick admitted collecting these fines, licenses and forfeitures.    The special questions submitted to the jury were as to the population—what the jury found from the evidence as to the population of the village of Defiance when it was advanced to a city, if they found any proof on the subject.    Of course to be advanced to a city, the population must exceed 5,000.    Another proposition sub- mitted to the jury is as to whether they found as a matter of fact that the city council settled with Mayor Deatrick, and in that settlement ninety-two dollars and some cents were found due him.

To this they answer—" Yes."    They answer as to the population—" 5,000 and over."    They answered, " that it had the requisite number of inhabitants to be advanced from a village to a city."

The proceedings were regular in advancing the village to a city, and as I have stated, they answered that they found that a settlement existed.    How the

settlement existed, or how that question should be submitted to the jury, we are unable to see. There was no settlement pleaded. The defendant below did not plead any payment. His answer is simply a general denial of the averments of the petition, denying the fact that the mayor collected and retained money belonging to the city. There is no averment in the answer that a settlement took place between Deatrick and the city, and in the absence of pleadings, in the absence of that defense, we do not think the court was warranted in submitting any such proposition to the jury as it was not an issue in the case. Where a special verdict is requested it must be on the issues made in the case. And this was not an issue made in that case. The bill of exceptions disclosed how the claim was settled. It was settled by the council, if settled at all, by offsetting against these fines, licenses and forfeitures, certain unpaid costs in criminal cases on the mayor's docket; in other words, costs accrued in the prosecution of certain offenders before the mayor, and to which costs the mayor was entitled ; but he being unable to collect these costs, amounting to over seven hundred and fifty dollars, from the various parties against whom they were adjudged and taxed, sought to offset them against the amount of fines, licenses and forfeitures in his hands, and to obtain from the city council an order for ninety-two dollars and sixty-nine cents, the excess of said costs above said fines, licenses and forfeitures; which order was allowed by the council.

The evidence, as I have stated, disclosed that a settlement took place. That is the manner in which it was settled. This act was illegal on behalf of the council. Council are not arbitrators or a court. It was the duty of the mayor under the law to pay these fines, licenses and forfeitures to the city treasurer. That was his duty as an officer. If he had a claim against the city or village, he, like any other citizen, should present it to the council for its allowance, and ask that it be allowed or rejected.

In no case would the council have the power to offset his claims against the city, against his collections of fines, licenses and forfeitures. These are to be paid by the mayor into the city treasury. They go into a separate and distinct fund. Hence it shows, even if the claim against the city was legal, it was not the right of the council to offset the one against the other. The statute specially provides that the mayor cannot recover any costs he fails to collect. The law provides by ordinance the amount of his salary, and that it shall be neither increased nor diminished during his term of office. The law provides by ordinance for all costs beyond and exceeding a certain amount, and also provides for costs in case a judgment shall be rendered against the defendant not against the city. In no case is the marshal or mayor entitled under the statute to draw his fees out of the city treasury for costs he is unable to collect from the defendant; so that the act of the council, even if his claim was legal, in offsetting it against his collections, was illegal. The action of the court in overruling the motion for a new trial was proper, and the judgment of the court below will be affirmed.

Latty & Peaslee, for plaintiff.

N. G. Johnson and Henry B. Harris, for the city.